NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY HOLZHAUER, Individually and as the Personal Representative of Harry Holzhauer, deceased, | No. 17-16762 |
| | D.C. No. 3:13-cv-02862-JST |
| Plaintiff-counter-defendant-Appellant, | |
| | MEMORANDUM* |
| v. | |
| GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT, a governmental entity and DAVID P. RHOADES, an Individual, | |
| Defendants-cross-defendants-cross-claimants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted June 14, 2018
San Francisco, California

Before: SCHROEDER and GOULD, Circuit Judges, and DU,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Miranda M. Du, United States District Judge for the District of Nevada, sitting by designation.

Plaintiff, Mary Holzhauer, representative of the estate of Harry Holzhauer, appeals the district court's denial of her motion for a new trial after the jury awarded Mr. Holzhauer's adult children, Tim and Jeffery, zero dollars in non-economic damages. "We review the trial court's decisions on motions for a new trial on the grounds that the verdict is against the clear weight of the evidence for an abuse of discretion," *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987), and we affirm.

Plaintiff argues that the evidence showed that Mr. Holzhauer was a big part of his adult children's lives. Mr. Holzhauer had pursued joint work in real estate with Tim and Jeffrey, had subsidized some of their living expenses during career changes, and had promised to pay his grandchildren's college tuitions. Plaintiff argues that there is "simply no way" the jury could have found no loss if the jury had followed the district court's instruction. Defendants argue that the district court did not abuse its discretion by denying Plaintiff's motion for a new trial because there was no indication that the jury did not perform a reasoned analysis in reaching its verdict. Defendants further argue that none of the limited grounds for granting a new trial exists here. We agree.

We reverse the denial of a motion for a new trial in four "strictly limited" situations: "(1) the trial court believes it lacks the power to grant a new trial," "(2) it concludes that it may not weigh the evidence," "(3) it weighs the evidence

2

explicitly against the wrong standard, i.e., substantial evidence or preponderance of the evidence," or "(4) it concludes the verdict is against the clear weight of the evidence but refuses to grant a new trial." *Landes Const. Co.*, 833 F.2d at 1372. Although Plaintiff only argues that the verdict is against the clear weight of the evidence, none of the four strictly limited situation applies here. The district court did not conclude that it lacked the power to grant a new trial or that it could not weigh the evidence. The district court applied the correct legal standard.

Here, the jury was given the same jury instruction for both Mrs. Holzhauer and the adult children: "No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense." But the jury awarded noneconomic damages in the amount of one million dollars to Mrs. Holzhauer and none to her sons. The district court was "not convinced that the jury's finding was 'contrary to the clear weight of the evidence.'" The district court reasoned that "evaluating intangibles" is "peculiarly within a jury's ken." The parties agreed that the jury instructions were correct and that the jury clearly understood those instructions, as evidenced by a verdict of one million dollars to Mrs. Holzhauer. The district court concluded, "there is no indication the jury failed to perform a reasoned analysis."

3

The district court sensibly left the decision-making on a matter most suitable for a jury, to the jury. Doubts about the verdict alone are insufficient grounds to grant a new trial. *Landes Const. Co., Inc.*, 833 F.2d at 1372. The jury's award in favor of Mrs. Holzhauer individually is not necessarily at odds with the jury's decision not to award damages to her adult children. The jury instruction for noneconomic damages specified that the adult children and Mrs. Holzhauer claimed noneconomic damages for loss of "love, companionship, comfort, care, assistance, protection, affection, society, and moral support," "loss of [Mr.] Holzhauer's training and guidance," and as to Mrs. Holzhauer "loss of the enjoyment of sexual relations." The jury could have reasoned that Mrs. Holzhauer suffered a loss by losing her spouse's love, companionship, care, assistance, affection, and "loss of the enjoyment of sexual relations," but also that Mr. Holzhauer's adult children who have their own families did not suffer a compensable loss of companionship, care, assistance, training, and guidance sufficient to warrant non-economic damages. There is no evidence that the jury verdict was against the clear weight of the evidence, and the district court did not abuse its discretion by so concluding.

**AFFIRMED.**

4